## Thomas Lord *vs.* William R. Carnes.

A., who held the legal title to land in trust as collateral security for a debt due from B., conveyed the land to B. after the payment of the debt, and in writing authorized B. or his assigns to collect the rent due from a tenant thereof, by suit if necessary, but at B.'s cost and expense, or receive, in A.'s name, any dividends from the tenant's estate. B. presented a bill for the rent made out in his name to the tenant for payment, who said that he would attend to it. *Held*, that B. could not maintain an action in his own name to recover the rent.

CONTRACT for use and occupation of a house in Roxbury from April 1, 1860 to September 19, 1860.

At the trial in the superior court, before *Lord*, J., there was evidence tending to show that the title to the house during the time for which rent was claimed was in Adam W. Thaxter, then president of the Traders' Bank, in trust, as collateral security for a debt due from the plaintiff to said bank. On said 19th of September, the purposes of the trust having been accomplished, Thaxter conveyed the premises to the plaintiff. On the 20th of April 1862 Thaxter signed and delivered to the plaintiff the following paper : " I hereby authorize Thomas Lord or his assigns to collect the rent due from William R. Carnes, for house occupied by him on Alpine Street, in Roxbury, now overdue and unpaid, and any taxes due from him, by suit if necessary, but at his cost and expense ; or receive in my name any dividends from his estate." A bill for the rent during the time sued for, made out in the plaintiff's name, was presented by the plaintiff to the defendant for payment, who said that he would attend to it.

There was no evidence that the defendant ever had other notice of an assignment of the claim from Thaxter to the plaintiff; and it was agreed that Thaxter had been the landlord of the defendant for several years; and that payment of the rent to April 1, 1860, had been made to him.

The judge ruled on this evidence that the paper did not constitute such an assignment as would enable the plaintiff to maintain an action thereon in his own name; and the jury returned a verdict accordingly. The plaintiff alleged exceptions.

*H. L. Hazelton,* for the plaintiff. The plaintiff had an equitable interest in the estate. The paper was an equitable assignment of the rent. The form of the assignment was sufficient. *Dennis* v. *Twitchell,* 10 Met. 180. *Jones* v. *Witter,* 13 Mass. 307. *Dunn* v. *Snell,* 15 Mass. 481. Notice was given to the defendant, who substantially promised to pay the plaintiff. *Crocker* v. *Whitney,* 10 Mass. 316. *Mowry* v. *Todd,* 12 Mass. 281.

*R. D. Smith,* for the defendant, cited *Palmer* v. *Merrill,* 6 Cush. 282; *Hall* v. *Jackson,* 20 Pick. 194; *Perkins* v. *Parker,* 1 Mass. 117; *Tate* v. *Citizens' Insurance Co.* 13 Gray, 79; *Tibbits* v. *George,* 5 Ad. & El. 107.

CHAPMAN, J. The defendant was the tenant of Thaxter, and the rent was legally due to him. The paper which Thaxter gave the plaintiff was a mere power of attorney, and there was no promise of the defendant to pay the debt to him.

*Exceptions overruled.*